IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Angela Ruth Doctor, | ) | C/A No.: 0:15-265-JMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | REPORT AND RECOMMENDATION |
| | ) | |
| The City of Rock Hill; Chris Watts; | ) | |
| Sarah Blair; Robert N. Jenkins, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Angela Ruth Doctor ("Plaintiff"), filed this civil rights action pursuant to 42 U.S.C. § 1983, alleging violations of her constitutional rights. She asserts claims of (1) illegal search in violation of the Fourth Amendment; (2) negligence; (3) intentional infliction of emotional distress; and (4) assault and battery [ECF No. 1-1]. Plaintiff sues the City of Rock Hill ("City"), City Police Chief Chris Watts, and City police officers Sarah Blair and Robert N. Jenkins (collectively "Defendants").[1] This matter is before the court on Defendants' motion for summary judgment. [ECF No. 16]. The motion having been fully briefed [ECF No. 20, 21], it is ripe for disposition.

All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(f) (D.S.C.). Because the motion is dispositive, this report and recommendation is entered for review

---

[1] Notwithstanding their separate legal identities and defenses, the undersigned may refer to Defendants interchangeably as "Defendants" for ease of reference.

1

by the district judge. For the following reasons, the undersigned recommends Defendants' motion for summary judgment [ECF No. 16] be granted.

I.     Factual Background

On December 20, 2012, Jenkins was working a traffic stop when Plaintiff's car passed. Jenkins Aff. at ¶ 5.[2] Jenkins smelled a strong marijuana odor coming from her vehicle and initiated a traffic stop. *Id*. As Jenkins approached the vehicle, he again noticed a strong odor of marijuana. *Id*. at ¶ 6. Jenkins informed Plaintiff and her husband, who was in the passenger seat, that he smelled marijuana. *Id*. Plaintiff admitted that she also smelled marijuana, but denied having any. Pl. Dep. 55:1–16.

Jenkins told Plaintiff's husband to exit the vehicle so he could conduct a frisk for weapons. *Id*. at ¶ 7. Jenkins then conducted a frisk of Plaintiff before allowing her to return to her car. *Id*. at ¶ 7. He then requested that a female officer respond to the scene to search Plaintiff. *Id*. According to Jenkins and undisputed by Plaintiff, after he advised Plaintiff she would be searched, she removed a plastic baggie containing marijuana roaches from the front of her pants. *Id*. at ¶ 8; Pl. Dep. 55:12–56: 12.[3]

In the video recording of this incident, Plaintiff is then placed in the back of Jenkins's patrol car as he searches her car.[4] Jenkins returns to the car and Plaintiff begs him not to take her to jail and states "I'll strip anything" to prove she has nothing else. Video at 16:41:27. Within a few minutes, Blair, a female officer, responds to the scene

---

[2] Jenkins's affidavit may be found at ECF No. 16-2.
[3] Excerpts from Plaintiff's deposition may be found at ECF Nos. 16-4 and 21-1.
[4] Defendants produced two videos simultaneously depicting this incident. The video from the second car demonstrates the visible movements, while the in car audio from Jenkins's car records the conversations inside and near the vehicle.

and begins the search by having Plaintiff exit Jenkins's patrol car. *Id*. at 16:45. Blair then returns Plaintiff to the back seat of Jenkins's patrol car and stands immediately outside the car with the door open. *Id*. at 16:45:30. Blair then searches Plaintiff's jacket and Plaintiff removes her shoes. *Id*. at 16:45–46.

Because Blair understood from Jenkins that Plaintiff had pulled marijuana from her pants, Blair asks her if she has anything else down her pants. Plaintiff then offers to pull down her pants if the male officer nearby walks away. Video at 16:46:37. Although Plaintiff is in the patrol car and is therefore not in camera view, it is undisputed that Plaintiff pulled her pants down to show she has nothing inside her pants or underwear.[5] *Id*. Blair asked Plaintiff if she had anything inside of her and Plaintiff answered no and showed Blair the inside of her genitals. *Id*. at 16:46:52. After Plaintiff pulled her pants back up and put her shoes on, Blair allowed Plaintiff to exit the vehicle. *Id*. at 16:48. At no time was Plaintiff unclothed outside of Jenkins's patrol car. Jenkins then placed Plaintiff in handcuffs and transports her to the Rock Hill Police Department booking facility.

---

[5] The undersigned considers a fact undisputed for the purposes of this motion if Plaintiff did not dispute it in her response to the motion, as she is no longer entitled to rely on her complaint. The undersigned notes that Plaintiff's brief does not comply with Local Civ. Rule 7.05 (D.S.C.). Significantly, Plaintiff's brief rarely cites to evidence in the record and contains no exhibits. Fed. R. Civ. P. 56 requires much more of Plaintiff (and Plaintiff's counsel). Prior to the close of discovery, Plaintiff was deposed, at which time she was given the opportunity to state the facts on the record and be subjected to examination regarding those facts. Her failure to rely on the record facts in opposing summary judgment does not comply with Fed. R. Civ. P. 56(c)(1)(A), which provides that a "party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." *See also* Fed. R. Civ. P. 56(e) (stating that a party must properly support her assertions of fact and properly address another party's assertions of fact).

II.     Discussion

    A.     Standard on Summary Judgment

The court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The movant bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-movant to set forth specific facts showing that there is a genuine issue for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). If a movant asserts that a fact cannot be disputed, it must support that assertion either by "citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials;" or "showing . . . that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1).

In considering a motion for summary judgment, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 248. Further, while the federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case, *see, e.g., Cruz v. Beto*, 405 U.S. 319

4

(1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts that set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact when none exists. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

    B.    Analysis

        1.    Search

Although Plaintiff's complaint alleges Defendants illegally conducted a cavity search on her [ECF No. 1-1 at 11], she has not provided evidence of a cavity search by Defendants. A review of the video shows that Blair patted Plaintiff down and removed her jacket. However, the video reveals that Blair did not take off Plaintiff's pants or underwear or command Plaintiff to do so. Further, Blair did not touch Plaintiff's genitals. Therefore, Plaintiff has not shown that Defendants conducted a search greater than patting her down.

Even if Defendants had searched Plaintiff more intrusively, Plaintiff gave voluntary consent by pulling down her own pants and underwear. *See U.S. v. Diggs*, 267 F. App'x 225, 226 (4th Cir. 2008) (finding that where there were no threats of violence or intimidation, a defendant who had raised his arms in response to an officer's request to search him had voluntarily consented to the search) (citing *U.S. v. Wilson*, 895 F.2d 168 (4th Cir. 1990)). Plaintiff has offered no support for her argument that there is a question of fact whether her consent was voluntary because she was worried about her punishment. Therefore, the undersigned recommends Defendants be granted summary judgment on all claims, as their actions were legal. However, the undersigned proceeds to

further analyze Plaintiff's causes of action in the event the district judge disagrees.

    2.    Qualified Immunity

Even if Plaintiff did not voluntarily consent to the alleged search, Defendants are entitled to qualified immunity, because they could have reasonably believed that Plaintiff consented to be searched. *See Nixon v. Applegate*, No. 2:06-2560-CMC, 2008 WL 471677, *3 (4th Cir. Feb. 19, 2008) ("Though the question of whether Plaintiff actually consented to the search is in dispute, the ultimate question for this court is not whether [defendant officer] was correct in his assumption that Plaintiff had consented to the request to search, but whether [defendant officer] could have reasonably believed under the circumstances that he had obtained Plaintiff's consent to search"). Plaintiff told Jenkins and Blair separately that she would strip to show that she had no more drugs and she removed her own clothing after Blair patted her down. Plaintiff has not alleged Defendants threatened or coerced her to remove her clothes. Because Defendants could have reasonably believed that Plaintiff had consented to their actions, the undersigned finds Defendants are entitled to qualified immunity.

    3.    Negligence

Plaintiff has failed to identify a duty that Defendants owed to Plaintiff and allegedly breached. Instead, she argues that Defendants could have taken her to a private facility. [ECF No. 20 at 5]. However, the video shows that Blair did not remove Plaintiff's pants or underwear. Plaintiff further argues, without any citation to authority for support, that even if she removed her clothes by herself, Defendants should have

6

stopped her. *Id*. at 6. Because Plaintiff fails to support her negligence claim with any legal authority, the undersigned recommends it be dismissed.

### 4. Intentional Infliction of Emotional Distress

Claims of intentional infliction of emotional distress against a governmental entity, including an individual government employee in their official capacity, are barred by the South Carolina Tort Claims Act, S.C. Code Ann. § 15-78-30, *et seq*. ("SCTCA"). S.C. Code Ann. § 15-78-30(f) (excluding claims for intentional infliction of emotional harm under the SCTCA). Although the SCTCA does not grant an employee immunity from suit if it is proved that his conduct was not within the official scope of his employment, Plaintiff has provided no evidence showing that Defendants were not acting within the scope of their official duties. Therefore, the undersigned recommends Defendants be granted summary judgment on Plaintiff's claim for intentional infliction of emotional distress.

### 5. Assault and Battery

Plaintiff appears to have abandoned her claim for assault and battery, as she has not opposed Defendants' motion related to this claim.

III. Conclusion and Recommendation

For the foregoing reasons, the undersigned recommends Defendants be granted summary judgment.

IT IS SO RECOMMENDED.

*[signature: Shiva V. Hodges]*

July 19, 2016                                          Shiva V. Hodges
Columbia, South Carolina                     United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

### Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Robin L. Blume, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).